**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RALPHAEL SMALLS** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | **Civil Action No. 21-443** |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| **SERVE:** ) | |
| **Registered Agent** ) | |
| **David N. Anthony** ) | |
| **Troutman Sanders, LLP** ) | |
| **1000 Haxall Point** ) | |
| **Richmond, VA 23219** ) | |
| ) | |
| **I.C. SYSTEM, INC.** ) | |
| **SERVE:** ) | |
| **Registered Agent** ) | |
| **CT Corporation System** ) | |
| **4701 Cox Road, Suite 285** ) | |
| **Glen Allen, VA 23060** ) | |
| ) | |
| **MOUNTAIN RUN SOLUTIONS, LLC** ) | |
| **SERVE:** ) | |
| **Mountain Run Solutions, LLC** ) | |
| **313 E. 1200 S, Suite 102** ) | |
| **Orem, UT 84058** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**COMPLAINT**

**I.    Preliminary Statement**

1.      This is an action for damages brought by an individual consumer against

Defendants, Experian Information Solutions, Inc., I.C. System, Inc., and Mountain Run Solutions,

LLC for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et*

*seq.*, *as amended* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA").

## II.    Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III.    Parties

4.      Plaintiff Ralphael Smalls is an adult individual who resides in Bristow, Virginia.

5.      Defendant Experian Information Solutions, Inc. (hereafter "EX") is a business entity that regularly conducts business in the Eastern District of Virginia, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, New Jersey 07054.

6.      Defendant I.C. System, Inc. (hereafter "I.C.") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Virginia, and which has a principal place of business located at 444 East Highway 96, St. Paul, Minnesota 55127. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

7.      Defendant Mountain Run Solutions, LLC (hereafter "Mountain Run") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Virginia, and which has a principal place of business located at 313 E. 1200 S, Suite 102, Orem, UT 84058. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.     Factual Allegations

8.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least June 2019 through the present.

9.     The inaccurate information includes, but is not limited to, collection accounts with I.C. and Mountain Run, and personal identifying information.

10.     The I.C. and Mountain Run collection accounts arose out of transactions which were primarily for personal, family or household purposes (hereafter the "debts").

11.     At all times pertinent hereto, Plaintiff was not responsible for the debts.

12.     Notwithstanding the above, I.C. and Mountain Run have been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies including but not limited to EX when they knew or should have known that the debts did not belong to Plaintiff.

13.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to EX's faulty procedures, Defendant EX mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

14.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15.     Plaintiff has disputed the inaccurate information with EX by both oral and written communications to its representatives and by following EX's established procedures for disputing consumer credit information.

16.     Plaintiff has disputed the inaccurate information with EX from June 2019 through the present.

17.     Notwithstanding Plaintiff's efforts, EX has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and EX continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. EX has repeatedly published and disseminated consumer reports to such third parties from at least June 2019 through the present.

18.     Despite Plaintiff's efforts, EX has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

19.     Notwithstanding Plaintiff's disputes, I.C. and Mountain Run have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes and have willfully continued to report such inaccurate information to EX.

20.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform

reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

21.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

22.     Plaintiff's credit report and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least June 2019 through the present.

23.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

24.     Defendants knew or and should have known that their actions violated the FCRA and/or FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

25.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26.     At all times pertinent hereto, the conduct of the Defendants, as well as that of

their agents, servants and/or employees, was intentional, willful, reckless, and innegligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.    Claims

### COUNT I – VIOLATIONS OF THE FCRA
### (PLAINTIFF v. EX)

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     At all times pertinent hereto, EX was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, EX is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

32.     The conduct of EX was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

6

## Count II – Violations of the FCRA
**(Plaintiff v. I.C. and Mountain Run)**

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     At all times pertinent hereto I.C. and Mountain Run were "persons" as that term defined by 15 U.S.C. § 1681a(b).

35.     I.C. and Mountain Run violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36.     I.C.'s and Mountain Run's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result I.C. and Mountain Run are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## Count III – Violations of the FDCPA
**(PLAINTIFF V. I.C. AND MOUNTAIN RUN)**

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     Defendants, I.C. and Mountain Run are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

39.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

40.     The above reporting of the inaccurate information to credit reporting agency by I.C. and Mountain Run, are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

42.     Defendants, I.C. and Mountain Run violated   the   FDCPA. Defendants, I.C.'s and Moutain Run's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

> (a)     The false representation of the amount, character or legal status of a debt;
>
> (b)     Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false; and
>
> (c)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

43.     Defendants, I.C.'s and Mountain Run's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

44.      As a result of the above violations of the FDCPA, Defendants, I.C. and Mountain Run are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.    JURY TRIAL DEMAND

45.      Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,

**RALPHAEL SMALLS**


/s/ John Cole Gayle, Jr._____
John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
Counsel for Plaintiff
1508 Willow Lawn Drive, Suite 220
Richmond, Virginia 23230
Telephone: 804 282-7900
Facsimile: 804 673-0316
jgayle@theconsumerlawgroup.com

Geoffrey H. Baskerville, Esq.
Counsel for Plaintiff
(pro hac vice motion forthcoming)
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
gbaskerville@consumerlawfirm.com


Dated: April 8, 2021

9